UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

          Plaintiff,

    v.

L.A. TIMES,

          Defendant.

No.  2:25-cv-3493 CSK P

ORDER

Plaintiff, a former county jail inmate, now housed at Atascadero State Hospital, filed a 122 page document styled "Motion to Abolish Horoscope Readings Extortion" in which he purports to sue the L.A. Times.  (ECF No. 1.)  No other pleadings have been filed by the plaintiff. In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure.

Plaintiff is advised that to state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

1

Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

In addition, on January 5, 2026, plaintiff filed a handwritten motion to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  However, plaintiff must file his application to proceed in forma pauperis on the court's form.

In order for this action to be properly commenced, plaintiff must file a complaint. Plaintiff's motion is denied without prejudice as it was prematurely filed.  Plaintiff is provided the opportunity to file a complaint, and to submit a properly completed application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's "motion to abolish horoscope readings extortion" (ECF No. 1), is denied without prejudice.

2.  Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint.  Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $405.00.[2]  Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

[2]  The $405.00 is comprised of the $350.00 filing fee and a $55.00 administrative fee.  If plaintiff is granted leave to proceed in forma pauperis, plaintiff is not required to pay the $55.00 administrative fee.

3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn3493.nocompl

3